**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                    **Case No. 8:20-cr-275-CEH-SPF**

**DOUGLAS JAVIER MAIRENA ROMERO**
_____/

### <u>Sentencing Memorandum Including Factors that May Warrant a Sentence Outside of the Advisory Guideline System</u>

**COMES NOW**, the Defendant, **DOUGLAS JAVIER MAIRENA ROMERO**, by and through undersigned counsel, and files this memorandum concerning factors that may warrant a sentence outside of the currently calculated advisory guideline system. As grounds in support thereof, Mr. Mairena Romero states as follows:

Mr. Mairena Romero is a 22-year-old from Limon, Costa Rica. Prior to his arrest, he reports that his family was very poor. He was residing by himself in a modest apartment for the equivalent of $162.30 a month. He was living in a community where there were extremely limited resources and employment opportunities. He was supporting himself working as a fisherman until the onset of the COVID-19 epidemic shut down the fishing industry in his area. (PSR ¶ 59-60)

Mr. Mairena Romero's financial circumstances are not surprising considering his modest upbringing. His father was an impoverished fisherman and has a history

of alcohol abuse. His mother worked as a housekeeper and is not in good health due to high blood pressure.  By the time he was 17 years old he had a child and was working as a fisherman to help support himself and his family. (PSR ¶ 44-45) The last grade Mr. Mairena Romero attended was the tenth grade.  (PSR ¶ 57)   Mr. Mairena Romero has six siblings, all of which currently reside in either Costa Rica or Nicaragua. One of his brothers is currently incarcerated for murder in Costa Rica. His parents, his child and his other siblings are experiencing similar financial hardships. (PSR ¶ 35-45)

## UNITED STATES V. BOOKER AND 18 U.S.C. § 3553(a)

Mr. Mairena Romero has pled guilty to a crime with a ten (10) year minimum mandatory. Based upon a total offense level of 32 and a criminal history category of I, and a three level reduction for Acceptance of Responsibility and his two level guidelines reduction pursuant to USSG Sec. 2D1.1(a)(5), his currently calculated guideline range at this time is 70-87 months.  The decision of the United States Supreme Court in United States v. Booker, has rendered the United States Sentencing Guidelines effectively advisory.  Booker, 125 S. Ct. 738, 756 (2005).  Pursuant to Booker, sentencing courts are required to consider a defendant's Guideline range, but may tailor the sentence in light of other statutory concerns as well.

## <u>THE APPLICATION OF 18 U.S.C. § 3553(a) TO MR. MAIRENA ROMERO'S CASE</u>

Section 3553(a)(2), lists four purposes of sentencing, which can be summarized as:

      (1) just punishment;

      (2) deterrence;

      (3) protection of the public; and

      (4) rehabilitation.

Under the parsimony principal, the sentence in this case should be the minimum necessary to accomplish the listed purposes. *See* 3553(a). Each of the purposes listed by 3553(a)(2) would be achieved by a sentence below the guidelines in the instant case. Mr. Mairena Romero has committed a serious federal crime. However, the nature and circumstances of his offense, his personal history, and characteristics, weigh in favor of a sentence that does not require the term of imprisonment reflected by the guidelines. The probation office noted that Mr. Mairena Romero was reared under impoverished circumstances, that he experienced negative economic impact from his unemployment as a fisherman due to the COVID-19 outbreak and his history of poly-substance abuse are characteristics and demographics made him susceptible to recruitment for participation in the international drug smuggling venture.

While the behavior was clearly legally wrong, it was not of a violent nature

and was not particularly sophisticated. Indeed, in this case, the actual type of the more serious contraband (cocaine) was concealed from the lower level participants in an illegal substance of lesser legal severity.  If one were trying conceal a substance from law enforcement it would make sense to try to conceal the cocaine in something that would not be seized upon interdiction. The method of concealment in this case is more rationally designed to conceal the more valuable cargo from the crew that was apparently not entrusted to know the full true nature of the contraband. Additionally, his motivation for his participation in the instant offense was financial hardship of his family, who are now faced with hardships that occurred due to his incarceration, mitigate in favor of this Honorable Court considering a sentence in variance from the guideline range.

Mr. Mairena Romero admitted his guilt in a timely fashion and debriefed thoroughly with the case agents. It is unknown at the time of the filing of this memorandum whether his timely cooperation will result in a Government's Motion for Downward Departure.  Mr. Mairena Romero's early cooperation and willingness to testify against his co-defendants likely helped persuade his co-defendants to plead guilty. Further, the history listed in the PSR is indicative of a person who, despite hardships, was able to work industriously in a law abiding manner.

Mr. Mairena Romero is truly remorseful for his conduct in this case. Both for the harm his absence has caused to the family he desired to support and for the harm

to the public in a broader sense. It is his hope that he can benefit from whatever rehabilitative programs and educational opportunities are available in the prison system and that he can return to his home and lead a productive life for his family.

## APPLICATION OF THE AMENDMENT TO U.S.S.G. 3B1.2 TO MR. MAIRENA ROMERO'S CASE

The United States Sentencing Commission amended U.S.S.G 3B1.2. on November 1, 2015. The Commentary Application Notes: Section 3(c) provides guidance for the courts to consider in determining whether to apply a mitigation adjustment. It specifically lists 5 non-exhaustive factors:

   i.   the degree to which the defendant understood the scope and structure of the criminal activity;
   ii.  the degree to which the defendant participated in planning or organizing the criminal activity;
   iii. the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
   iv.  the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
   v.   the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be

considered for an adjustment under the guideline. The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

We disagree with the lack of a decrease in the Defendant's offense level for role in the offense under § 3B1.2(b).  The circumstances of this case could be argued to support a designation of a minor role in the offense under § 3B1.2(b).  Under the rendition of the facts in the plea agreement, the Defendant clearly was a minor participant in the criminal activity alleged in this case.  There was no evidence to suggest that the Defendant's role was anything other than as a low-ranking crewmember on a go-fast vessel. The role of the Defendant was that of a common deckhand. While another member of the crew held a position of actual authority, the Defendant possessed no such decision-making authority. The captain made all decisions concerning navigation and the captain controlled the GPS. The Defendant possessed no significant nautical skills. The Defendant did not own the boat, The Defendant controlled neither the amount of the drugs intended to be delivered nor the negotiated price of the contraband.  There is not any evidence the Defendant had any knowledge of the value of the contraband. The Defendant was unaware that there was cocaine concealed in the marijuana bales until it was disclosed in the supplemental discovery to have been found by government agents a month after the

Defendant's interdiction by the United States Coast Guard. There is no evidence that he participated in any way in the growing, processing, packaging, or transportation of the contraband other than his participation in the transportation of the contraband aboard the vessel. There is no evidence that the Defendant had any knowledge concerning the ultimate intended destination of the contraband other than a vague understanding of the general area where the contraband was to be transferred at sea to the next couriers in the transportation process.  Consequently, the degree to which the Defendant understood the scope and structure of the criminal activity was very limited and he was not involved in the planning or organizing of the criminal activity. The Defendant did not recruit any co-conspirators, he was not involved in any aspect of the conspiracy beyond his limited participation on the voyage, he was neither the source nor the owner of the cocaine on the vessel, he did not have the ability to make decisions, give orders or change plans, he did not control payment of any crew member.

The Defendant should be viewed as a minor participant since he appears to be nothing more than an assistant courier for the contraband for a very brief segment of the overall transportation process. Therefore, the guideline range should be adjusted accordingly.

## <u>LEGAL ANALYSIS FOR MINOR ROLE</u>

Mr. Mairena Romero should receive a two-level reduction for minor role. His

role in this case was simply as a courier of the cocaine. He was not a leader or organizer, he had no authority in this matter, and had no proprietary interest in the operation – he was paid only to help to transport the marijuana and as he later discovered, cocaine. The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction pursuant to U.S.S.G. §3B1.2 is United States v. Rodriguez De Varon, 175 F.3d 930 (11th Cir. 1999). In the De Varon case, the Eleventh Circuit established a two-part test for determining whether a defendant qualifies for a minor role reduction. De Varon, 175 F.3d at 934. As the Eleventh Circuit noted, "[f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. §1B1.3." Id. The Eleventh Circuit further stated the second part of the test requires that "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." Id.

The pertinent changes appear not in the text of §3B1.2 itself, but rather in the commentary of Application Note 3(C), which instructs sentencing courts to apply a fact-based determination in deciding whether the mitigating adjustment should be -4 levels (a "minimal" role), -2 levels (a "minor" role), or -3 levels (roles falling between minor and minimal). Specifically, the Commission has added text setting forth a non-exclusive list of factors to examine, including: the defendant's

understanding of the scope and structure of the crime; the degree of the defendant's participation in planning or organizing the crime; the extent to which the defendant exercised or influenced decision-making authority; the nature and extent of the defendant's participation in the offense itself; and the degree to which the defendant stood to benefit from the unlawful activity.

Significantly, Application Note 3(C) advises sentencing courts that merely because "a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in this criminal activity." This language was added in specific response to cases that concluded a defendant's indispensable role was incompatible with a mitigating role adjustment.

On September 20, 2016, the Eleventh Circuit considered a case involving the U.S.S.G. section 3B1.2 Amendment 794. The Court of Appeals reversed and remanded for re-sentencing a case involving a denial of minor role for the captain of a "go-fast" vessel that was transporting cocaine in international waters. In United States v. Cruickshank, 837 F. 3d 1182 (11th Cir. 2016) the 11th Circuit determined that the sentencing court in deciding a minor role "should perform an inquiry based on the totality of circumstances, taking into account the variety of factors laid out in DeVaron and Amendment 794." Id. at 22-23. The purpose of the minor role

adjustment is to ensure that a low-level participant in a conspiracy does not receive the same sentence as a higher-level participant in a conspiracy, including an average participant. Even though, all the defendants in a conspiracy are potentially held accountable for the total quantity of drugs involved, lesser involved defendants should not be receiving the same sentence as those who are more involved in the entire scheme. The only way to fairly apply a role assessment is to compare the defendant to all those charged and uncharged who were involved in the conspiracy.

Since, Mr. Mairena Romero is being held accountable for the amount of both the marijuana that was the apparent goal of the illegal endeavor and the concealed cocaine, that places him at the same offense level as the owners that knew the true scope of the conspiracy, his role must be compared to all the other discernable or obvious participants in the conspiracy. In the present case, the factors weigh in favor of Mr. Mairena Romero's minor role status. Factually, Mr. Mairena Romero was paid by others in the conspiracy. Mr. Mairena Romero had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the marijuana or the cocaine. Other factors supporting Mr. Mairena Romero's minor role status include the fact that he did not recruit any other participants, he had an unusually limited knowledge of the scope of the broader conspiracy, he reported to the next larger player in the conspiracy. Distinctly, no one reported to him. Mr. Mairena Romero had no decision-making authority.

Clearly under these facts, Mr. Mairena Romero was less culpable than most of the participants. Specifically, he was less culpable than the vessel's master, the loaders, the logistics people, the distributors, the purchaser of the marijuana and the cocaine, the seller of the contraband or any other unindicted co-conspirators. He was essentially a mule on a small boat. Based on the forgoing argument and legal authority, Mr. Mairena Romero's objections should be granted and he should receive a two-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that (absent the mandatory ten-year sentence) he does not receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be punished similarly.

## **CONCLUSION**

For the reasons stated herein, Mr. Mairena Romero, respectfully urges this Court to fashion a sentence that will be reasonable and will adequately take into account the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a). Such a sentence will be a fair and just punishment.

Respectfully Submitted,

**/s/ Scott L. Robbins**
Scott L. Robbins, Esquire
Florida Bar No. 0352111
709 W. Azeele Street
Suite A
Tampa, Florida 33606
Telephone: (813) 258-2909
scottlrobbins@aol.com
scottrobbins@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2021, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court.

**/s/ Scott L. Robbins**
Scott L. Robbins, Esquire
Florida Bar No. 0352111
709 W. Azeele Street
Suite A
Tampa, Florida 33606
Telephone: (813) 258-2909
scottlrobbins@aol.com
scottrobbins@aol.com